# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TALL CITY EXPLORATION, LLC AND** | § | |
| **GEMINI INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF:

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty") files this Original Complaint for Declaratory Judgment against Defendants Tall City Exploration, LLC ("Tall City") and Gemini Insurance Company ("Gemini") pursuant to 28 U.S.C. §§ 1332 and 2201, and respectfully shows the Court as follows:

## A.    PARTIES

1.    Liberty is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts. Liberty is a citizen of the States of Wisconsin and Massachusetts, and not the State of Texas. Liberty was and is duly qualified to conduct and transact business in the State of Texas and executes and delivers insurance policies throughout Texas.

2.    On information and belief, Tall City is a limited liability corporation organized under the laws of the State of Delaware, with its principal place of business in Midland, Texas. Tall City may be served with process by serving any of its officers at 203 West Wall Street, Suite

600 Midland, Texas 79701.  Liberty requests that citation be issued and served upon this defendant.

3.       On information and belief, Gemini is an insurance company organized under the laws of the State of Delaware, with its principal place of business located at 475 Steamboat Road, Greenwich, Connecticut 06830.  Gemini is an eligible surplus lines insurer registered under the Texas Insurance Code, and as such may be served with process by serving the Texas Commissioner of Insurance, Texas Department of Insurance, P.O. Box 149104 Austin, Texas 78714-9104.  Liberty requests that citation be issued and served upon this defendant.

## B.       JURISDICTION AND VENUE

4.       This declaratory judgment suit is filed under the authority of 28 U.S.C. § 2201. This suit is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Liberty seeks a declaration of the rights and duties of the parties under a certain Master Service Agreement between Tall City and Liberty's insured, Phoenix Services, LLC, as well as liability insurance policies issued by Liberty and Gemini concerning the defense and potential indemnity of the insured Phoenix Services, LLC, along with the subsidiaries and affiliates of Phoenix Services, LLC (collectively, "Phoenix[1]") in a certain lawsuit styled *Melora Elrod Wiesner, et al. v. Bandera Drilling Company, Inc., et al.,* Cause No. 50542, pending in the 118th Judicial District Court, Howard County, Texas (the "Underlying Suit").

5.       The amount in controversy includes the costs of defending Phoenix and/or paying any judgment against Phoenix in the Underlying Suit, which exceed the minimum jurisdictional

---

[1] The subsidiaries and affiliates of Phoenix Services, LLC that are named defendants in the Underlying Suit and which will collectively be referred to herein as "Phoenix" include:  Phoenix Services, LLC; Pioneer Consulting and Services, LLC d/b/a Light House Energy Solutions, Inc.; Phoenix Consolidated Oilfield Services, LLC; and Phoenix Lease Services, LLC.

limits of this Court. The limits of all policies at issue are $1,000,000 for each occurrence. Liberty currently is funding the defense of Phoenix in the Underlying Suit and seeks reimbursement of those defense costs in addition to its attorneys' fees, costs, and prompt payment penalties for the prosecution of this declaratory action.

6.      Venue is appropriate in the Northern District of Texas, Abilene Division pursuant to 28 U.S.C. § 1391(b)-(d), because Tall City and Gemini are subject to the personal jurisdiction of this Court, they are therefore deemed to reside in this district. Additionally, a substantial part of the events giving rise to this claim occurred in Howard County, Texas where the Underlying Suit is pending (although originally filed in Harris County).

7.      All persons having an interest in the outcome of this litigation have been joined as parties. There is no other pending legal action seeking to adjudicate the rights of the parties.

8.      An actual controversy of a justiciable nature exists between Liberty, Tall City and Gemini regarding the rights and responsibilities of Liberty under its policy issued to Phoenix, the rights and responsibilities of Tall City under its contract with Liberty's insured, Phoenix, and the rights and responsibilities of Gemini under its policy naming Phoenix as an additional insured in connection with the Underlying Suit.

## C.      APPLICABLE CONTRACTS/POLICIES

9.      On or about October 23, 2013, Tall City and Phoenix entered into a Master Service Agreement ("MSA"), which MSA was to control and govern all work performed or to be performed by Phoenix (identified in the MSA as "Contractor") for Tall City (identified in the MSA as "Company"). Paragraph 8. of the MSA provides as follows:

**INDEMNIFICATION: The following indemnifications and releases of liability will apply to all work performed under this Agreement. In the event one party must bring legal action in order to enforce an indemnification, all reasonable costs and expenses related to that legal action shall be included as**

**part of the indemnification.**

> **b.  COMPANY'S INDEMNIFICATION OF CONTRACTOR: Company shall release Contractor of any liability for, and shall protect, defend, indemnify, and save Contractor, its subsidiaries and affiliates, its and their officers, directors, employees, invitees and joint owners (hereafter "Contractor Group") harmless from and against all claims, demands, and causes of action of every kind and character (including Punitive Damages), without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith, including as a result of loading, unloading, ingress, and/or egress, in favor of Company's employees (including leased employees) or Company's contractor's or their employees, or Company's invitees, other than those parties identified in paragraph a. on account of bodily injury, death or damage to property. Company's indemnity shall be without regard to and without any right to contribution from any insurance maintained by Contractor pursuant to Paragraph 12.**

In addition, Exhibit "A" of the MSA provides as follows, in pertinent part:

> The Company shall name the Contractor as additional insured on all general liability policies. These policies shall provide primary coverage only for claims in which the Company has agreed to Hold Harmless and/or indemnify the Contractor. No "other insurance" clause may be invoked by any insuror. This coverage shall apply whether or not the indemnification is valid. Each party shall have its insurer waive its right of subrogation against the other party to the extent of risks and liabilities assumed under this Agreement on all insurance carried.

A true and correct copy of the MSA is attached hereto as **Exhibit A**.

10.    Liberty insured Phoenix under commercial general liability ("CGL") policy number TB2-691-461269-023 effective from August 3, 2013 through August 3, 2014 (the "Liberty Policy"). The Liberty Policy has limits of $1 million per occurrence. Liberty is defending Phoenix in the Underlying Suit pursuant to the Liberty Policy.

11.    Upon information and belief, Gemini issued a CGL policy to Tall City that was in effect at all times relevant to this lawsuit (the "Gemini Policy").  In accordance with the requirements of the MSA, Phoenix Services, LLC, along with the subsidiaries and affiliates of Phoenix Services, LLC, were to be named as additional insureds under the Gemini Policy.

Further, and in accordance with the requirements of the MSA, the Gemini Policy was to provide primary coverage for claims in which Tall City agreed to hold harmless and/or indemnify Phoenix, including but not limited to the Underlying Suit.

### D.    BACKGROUND

12.    The Underlying Suit arises out of the death of Donald Wiesner.  According to plaintiff's latest petition in the Underlying Suit, Mr. Wiesner was killed when a heavy fork carrier unit fell off the boom of a telehandler forklift and struck him in the head on or about February 28, 2014.  At the time of his death, Mr. Wiesner was working for Tall City's contractor, Bandera Drilling Company, Inc.  Plaintiff in the Underlying Suit alleges causes of action against both Tall City, the oil field lease owner and/or operator at the location where Mr. Wiesner was killed, as well as various Phoenix entities (Phoenix Services, LLC; Pioneer Consulting and Services, LLC d/b/a Light House Energy Solutions, Inc.; Phoenix Consolidated Oilfield Services, LLC; and Phoenix Lease Services, LLC), the latter of which was alleged to have leased the forklift to Tall City.  A true and correct copy of the plaintiff's latest petition in the Underlying Suit is attached hereto as **Exhibit B.**

13.    By letter dated April 15, 2014, prior to the Underlying Suit being filed, Liberty informed Defendant Tall City of its contractual obligation to provide Phoenix with a defense and indemnity from any claims arising out of Mr. Wiesner's death.  Liberty further requested that Tall City forward a copy of its letter to Gemini and have a representative of Gemini contact Liberty within thirty (30) days.  A true and correct copy of Liberty's April 15, 2014 letter is attached hereto as **Exhibit C.**

14.    On February 9, 2015, after receiving notice of the Underlying Suit, Liberty again wrote Tall City and tendered the defense and indemnity of Phoenix in the Underlying Suit to Tall

City. Liberty again requested that Tall City forward a copy of its letter to Gemini and have a representative of Gemini contact Liberty within thirty (30) days.  A true and correct copy of Liberty's February 9, 2015 letter is attached hereto as **Exhibit D.**

15.     By letter dated February 19, 2015, counsel for Phoenix demanded that Tall City provide a defense and indemnity to Phoenix in the Underlying Lawsuit.  A true and correct copy of Phoenix's February 19, 2015 letter is attached hereto as **Exhibit E.**

16.     By letter dated August 3, 2015, counsel for Tall City wrote counsel for Phoenix (with a copy to Liberty) and expressly rejected Liberty's tender of Phoenix's defense and indemnity.  A true and correct copy of Tall City's August 3, 2015 rejection letter is attached hereto as **Exhibit F.**

17.     By letter dated April 18, 2016, the undersigned counsel wrote to counsel for Tall City once again demanding that Tall City provide a defense to Phoenix in the Underlying Lawsuit.  A true and correct copy of the undersigned's April 18, 2016 letter is attached hereto as **Exhibit G.**  Although no response has been given in writing, counsel for Gemini has likewise rejected Liberty's demands to defend and indemnify Phoenix in the Underlying Suit.

### E.     CAUSES OF ACTION

18.     This action is necessary to determine whether Tall City and Gemini have a duty to defend Phoenix in the Underlying Suit. Liberty requests a declaration that Tall City and Gemini each have a duty to defend Phoenix in the Underlying Suit under the MSA (in the case of Tall City) and the Gemini Policy (in the case of Gemini).  Liberty seeks to recover from Tall City and Gemini the costs Liberty has incurred in defending Phoenix in the Underlying Suit in addition to the costs and attorneys' fees incurred in bringing this action for their breach of contract pursuant to Texas Civil Practice and Remedies Code section 38.001 *et seq*. Liberty is entitled to such

damages as Phoenix's subrogee.

### Breach of Contract/Contractual and Equitable Subrogation as to Tall City

19.     Pursuant to the clear and unambiguous language of the MSA, Tall City agreed to defend and indemnify Phoenix against all claims, demands and causes of action brought by Tall City's contractor's or their employees relating to bodily injury, death or damage to property. The Underlying Suit involves a claim, demand or cause of action brought by one of Tall City's contractor's employees, *i.e.*, Donald Gregory Wiesner.  Despite both Liberty's and Phoenix's multiple demands on Tall City to defend and indemnify Phoenix in the Underlying Suit, Tall City has refused to do so, thereby breaching the MSA.

20.     As a direct and proximate result of Tall City's breaches of its contractual obligations, Phoenix has incurred substantial defense costs and other expenses in amounts exceeding the jurisdictional limits of this Court, which have been paid, in whole or part, by Liberty on behalf of Phoenix. Liberty has a right of contractual and equitable subrogation against Tall City for Tall City's failure to assume the defense of Phoenix and/or to pay its defense costs in connection with the Underlying Suit. As contractual and equitable subrogee of Phoenix, therefore, Liberty is entitled to recover any and all damages caused by Tall City's breaches of its contractual duties to Phoenix.

21.     Because Tall City refused to assume Phoenix's defense, Liberty, as Phoenix's subrogee, is also entitled to recover its attorneys' fees pursuant to Texas Civil Practice and Remedies Code section 38.001(8).

### Breach of Contract/Contractual and Equitable Subrogation as to Gemini

22.     On information and belief, pursuant to the Gemini Policy, Gemini agreed to defend Phoenix against suits that potentially seek damages because of "bodily injury" caused by

an "occurrence" as those terms are defined in the Gemini Policy.  The allegations in the Underlying Suit trigger Gemini's obligation to provide an immediate and complete defense to Phoenix under Texas law.

23.     Phoenix has duly performed every covenant and satisfied every condition required of it under the Gemini Policy. In the alternative, Phoenix is excused from performing any covenant it has not performed and is excused from satisfying any condition it has not satisfied as a result of Gemini's breach of its own duties under its Policy, including its duty to defend Phoenix.

24.     As of the date of this pleading, Gemini has refused to acknowledge its contractual obligations to defend Phoenix in the Underlying Suit and has refused to pay or reimburse any amount in the defense of Phoenix. Gemini has admitted that it did not defend or contribute to the defense of Phoenix and disputes that it owes any duties of defense or indemnity to Phoenix in connection with the Underlying Suit. Each and every such refusal to defend constitutes a breach of Gemini's contractual duties under the Gemini Policy.

25.     As a direct and proximate result of Gemini's breaches of its contractual obligations, Phoenix has incurred substantial defense costs and other expenses in amounts exceeding the jurisdictional limits of this Court, which have been paid, in whole or part, by Liberty on behalf of Phoenix. Liberty has a right of contractual and equitable subrogation against Gemini for Gemini's failure to assume the defense of Phoenix and/or to pay its defense costs in connection with the Underlying Suit. As contractual and equitable subrogee of Phoenix, therefore, Liberty is entitled to recover any and all damages caused by Gemini's breaches of its contractual duties to Phoenix.

26.     By breaching its contractual duties, Gemini has waived defenses under its Policy

and the law, and is estopped from asserting that Phoenix has failed to comply with the Gemini Policy.

27.     Because Gemini refused to assume Phoenix's defense, Liberty, as Phoenix's subrogee, is also entitled to recover its attorneys' fees pursuant to Texas Civil Practice and Remedies Code section 38.001(8).

### Declaratory Judgment

28.     In addition, pursuant to 28 U.S.C. § 2201, Liberty, as subrogee of Phoenix, is entitled to a Declaratory Judgment holding that Tall City and Gemini are obligated to provide the benefits of the MSA and the Gemini Policy to Phoenix, including a full defense and payment and/or reimbursement of all or a portion of the defense costs Liberty has incurred in connection with the Underlying Suit.

29.     Plaintiff Liberty therefore requests a judicial determination of the rights and duties of Tall City and Gemini in connection with the Underlying Suit under the MSA and Gemini Policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Liberty prays that Defendants Tall City and Gemini be cited to appear and answer herein, and that on final hearing Liberty have the following judgment:

1.     A declaration that Tall City has a duty to defend and indemnify Phoenix Services, LLC, along with the subsidiaries and affiliates of Phoenix Services, LLC, in the Underlying Suit pursuant to the MSA;

2.     A declaration that Gemini has a duty to defend and indemnify Phoenix Services, LLC, along with the subsidiaries and affiliates of Phoenix Services, LLC, as a primary insurer for and in connection with the Underlying Suit;

3.      An award of the defense costs Liberty has incurred to defend Phoenix Services, LLC, along with the subsidiaries and affiliates of Phoenix Services, LLC, in the Underlying Suit;

4.      Attorneys' fees and costs Liberty has incurred in asserting this declaratory and subrogation action; and

5.      Such other and further relief to which Liberty may be entitled, whether at law or in equity.

Respectfully submitted,

/s/ Mark D. Tillman
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Ste. 830
Irving, Texas 75038
Telephone: (214) 492-5722
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com
Email: colin.batchelor@tb-llp.com

**ATTORNEYS FOR PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY**