CAUSE NO. 2014-72109            7042.0298

| | | |
|---|---|---|
| MELORA ELROD WIESNER, | ) | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS ADMINISTRATOR | ) | |
| OF THE ESTATE OF DONALD WIESNER, | ) | |
| DECEASED, AND AS NEXT FRIEND OF | ) | |
| MELIA WIESNER, A MINOR CHILD | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| V. | ) | HARRIS COUNTY, TEXAS |
| | ) | |
| BANDERA DRILLING COMPANY, INC., | ) | |
| EDWARDS WELL SERVICES, LLC d/b/a | ) | |
| EWS CONSULTING, TALL CITY | ) | |
| EXPLORATION LLC, TALL CITY | ) | |
| OPERATIONS LLC, WARREN POWER & | ) | |
| MACHINERY, INC., INDIVIDUALLY AND | ) | |
| D/B/A WARREN CAT, PHOENIX SERVICES, | ) | |
| LLC, PIONEER CONSULTING AND | ) | |
| SERVICES LLC D/B/A LIGHT HOUSE | ) | |
| ENERGY SOLUTIONS, INC.,  PHOENIX | ) | |
| CONSOLIDATED OILFIELD SERVICES, | ) | |
| L.L.C., PHOENIX LEASE SERVICES, LLC | ) | |
| AND BYRD OILFIELD SERVICES, LLC | ) | |
| | ) | |
| Defendants | ) | 269th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
## AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME MELORA ELROD WIESNER, INDIVIDUALLY AND AS

ADMINISTRATOR OF THE ESTATE OF DONALD WIESNER, DECEASED, AND AS

NEXT FRIEND OF MELIA WIESNER, A MINOR CHILD, hereinafter referred to as

"Plaintiffs," complaining of BANDERA DRILLING COMPANY, INC., EDWARDS WELL

**EXHIBIT B**

SERVICES, LLC D/B/A EWS CONSULTING, TALL CITY EXPLORATION LLC, TALL CITY OPERATIONS LLC, WARREN POWER & MACHINERY, INC., INDIVIDUALLY AND D/B/A WARREN CAT, PHOENIX SERVICES, LLC, PIONEER CONSULTING AND SERVICES, LLC Individually and d/b/a LIGHT HOUSE ENERGY SOLUTIONS, INC., PHOENIX CONSOLIDATED OILFIELD SERVICES, L.L.C., PHOENIX LEASE SERVICES, LLC and BYRD OILFIELD SERVICES, LLC, hereinafter referred to as "Defendants," and for cause of action would show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, discovery for this cause is intended to be conducted under Level 2.

## II.
## STATEMENT PER TRCP 47

Pursuant to Tex.R.Civ.P. 47, Plaintiffs seek monetary relief over $1,000,000.

## III.
## JURISDICTION

Jurisdiction is proper in this Court because (1) Plaintiffs do not allege any violation of federal law, (2) the parties are not completely diverse in citizenship, and (3) all Defendants did and are doing business within the State of Texas and committed a tort in whole or in part in this state against the Plaintiffs, as more fully set forth herein. The damages suffered and sought to be recovered herein exceed the minimum jurisdictional limits of this Court.

## IV.
## VENUE

Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies

Code, Chapter 15, §15.002(a)(1) and/or (a)(3), and §15.005 in that one or more of the Defendants are residents of and/or have their principal offices in Harris County, Texas.

Because all Defendants filed motions asking the Court to transfer this case from Harris County, Texas to Howard County, Texas or Midland County, Texas, Plaintiffs hereby state the following venue facts. Pioneer Consulting and Services LLC, Individually and D/B/A Lighthouse Energy Solutions, Phoenix Services LLC, Phoenix Consolidated Oilfield Services, L.L.C. and Phoenix Lease Services, LLC have their principal offices in Houston, Harris County, Texas. Therefore, venue is proper as to each and all of them pursuant to Tex. Civ. Prac. & Rem Code §15.002(3). Since venue is proper as to one or more of them, venue is proper as to all other Defendants pursuant to Tex. Civ. Prac. & Rem Code §15.005 because all claims herein arise out the same transaction, occurrence, or series of transactions or occurrences.

Maintaining venue in Harris County would not impose significant economic or personal hardship on Defendants or work an injustice to Defendants. According to its website, Bandera Drilling Company Inc. (Bandera) is a large drilling company which is available to operate in more than 80 counties spanning hundreds of miles in Texas. Bandera routinely sends its employees to work far from its headquarters in Abilene, Taylor County, Texas. Bandera also routinely sends its employees to Houston, known as the Energy Capital of the World, in Harris County, Texas, for business and marketing purposes. For example, as recently as May 2015, Ray Brazzel, the President of the company, and the company safety director, Anthony Zacneiwski, travelled to Houston to attend the IADC annual meeting. Mr. Brazzel is on the executive committee of the IADC which has it headquarters in Houston, Harris County, Texas. Bandera is a USDOT motor carrier which drove 732,957 miles in 2013.

3

Like Bandera, Tall City Exploration LLC and Tall City Operations LLC (TCE/TCO) follow the oil. They are a large oil and gas exploration and production company. They have an office in the City of Houston, Harris County, Texas. The President of Tall City, Michael Magoto, and the CFO of Tall City, Michael Marziani, live in Houston, Harris County, Texas. Their CEO Mike Oestmann and others regularly travel to Houston to attend industry meetings and conferences, including an energy conference in June 2013 and the ADAM conference in August 2014 for example. One of Tall City's large stakeholders, Denham Capital LP, is a private equity firm located in Houston, Harris County, Texas.

Warren Power & Machinery Inc. (Warren Cat) is one of the 100 largest equipment rental companies in the United States. They have offices across the entire State of Oklahoma and in eight cities in Texas, at least. They also travel to Harris County for business and marketing, including a trip to the 2014 IADC convention. Warren Cat is also a USDOT motor carrier authorized to engage in interstate trucking. It drove 6,685,469 miles in 2013 alone.

Pioneer Consulting and Services LLC, Individually and D/B/A Lighthouse Energy Solutions, Phoenix Services LLC, Phoenix Consolidated Oilfield Services, L.L.C., and Phoenix Lease Services, LLC have their principal offices in Harris County, Texas. Phoenix Services LLC was formed in 2009 and provides services to E&P operators in the Eagle Ford, Permian, Barnett, Eaglebine, Woodbine, Marcellus and Bakken shales across Texas and the United States. Its CEO is Mark Fisher who offices in Houston, Harris County, Texas. In 20012 it acquired a company and now operates in Oklahoma, North Dakota and Wyoming as well. Its website boasts that it has facilities strategically located between San Antonio, Austin and Houston. Its majority stakeholder, Quantum Energy Partners, is a leading private equity firm headquartered in

4

Houston, Harris County, Texas. Phoenix Lease Services, LLC is located in Houston, Harris County, Texas and is licensed by the USDOT to engage in interstate trucking, having driven 3,443,769 miles in 2014. Phoenix Consolidated Oilfield Services, L.L.C. is an oilfield services company located in Houston, Harris County, Texas, which was recapitalized in 2012 by its stakeholder Quantum Energy Partners, a Houston, Harris County, Texas company, through its broker Simmons & Company, an international brokerage firm headquartered in Houston, Harris County, Texas. Its Director of Finance & Corporate Development is Amanda Szydlik, who lives and works in Houston, Harris County, Texas. They have other employee fact witnesses in the case who live in Houston, Harris County, Texas—Jack Shurden and Matt Trahan. Pioneer Consulting and Services LLC's assumed name certificate on file with the Texas Secretary of State establishes that its principal office is in Harris County, Texas, and states that it would conduct business in "All Counties" in Texas. It is also a motor carrier and drove 463,517 miles in 2012.

Byrd Oilfield Services LLC provides casing and other oilfield services across a very large territory. They have offices in Oklahoma and New Mexico and multiple offices in Texas. Byrd is also a USDOT motor carrier authorized to engage in interstate trucking. It drove 980,139 miles in 2013.

Melora Wiesner and her daughter live in Taylor County, but it is not inconvenient for them to have the case pending and ultimately tried in Harris County. Discovery will be conducted exactly the same whether the case is moved or not. For trial, if the case were moved to Howard or Midland County, Plaintiffs would still have to travel, and make hotel reservations, etc. The plane ride to Houston is reasonably short and the price of the airfare is relatively low.

The same is true for all parties who reside in Taylor County.

Given the size, business territory, and frequent long distance travel of the Defendants, including travel to Harris County, and the fact that several Defendants have offices in Harris County, maintaining venue in Harris County would not cause significant personal or economic hardship on Defendants. The discovery to be conducted in the case will be handled the same way whether the case is transferred or not. No witnesses will be inconvenienced in any material sense by keeping the case here.

## IV.
## PARTIES AND SERVICE

Plaintiff Melora Elrod Wiesner is a resident citizen of Taylor County, Texas.

Plaintiff Melia Wiesner, a minor child, is a resident citizen of Taylor County, Texas.

Plaintiffs are beneficiaries entitled to bring this action pursuant to § 71.004 of the Texas Civil Practice and Remedies Code.  Their names and relationships to Donald Wiesner, deceased, are:

| Name | Relationship to Decedent |
|------|--------------------------|
| Melora Elrod Wiesner | Surviving Spouse |
| Melia Wiesner | Surviving Minor Child |

Plaintiff Melora Elrod Wiesner is an heir and is the legal representative of the estate of Donald Wiesner, and is entitled to bring this action pursuant to § 71.021 of the Texas Civil Practice and Remedies Code.

Defendant BANDERA DRILLING COMPANY, INC. is a Texas corporation authorized to do business in the State of Texas and has been served with citation and entered an appearance

6

herein.

Defendant EDWARDS WELL SERVICES, LLC d/b/a EWS CONSULTING is a domestic limited liability company authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant TALL CITY EXPLORATION LLC is a Delaware limited liability company authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant TALL CITY OPERATIONS LLC is a domestic limited liability company authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant WARREN POWER & MACHINERY, INC., INDIVIDUALLY AND D/B/A WARREN CAT is a Delaware corporation authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant PHOENIX SERVICES, LLC is a foreign limited liability company authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant PIONEER CONSULTING AND SERVICES, LLC d/b/a LIGHT HOUSE ENERGY SOLUTIONS, INC. is a Texas limited liability corporation authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

Defendant PHOENIX CONSOLIDATED OILFIELD SERVICES, L.L.C. is a Texas limited liability corporation authorized to do business in the State of Texas and may be served with citation by serving its registered agent , Mark H. Fisher at 10260 Westheimer, Suite 460,

Houston, TX 77042.

Defendant PHOENIX LEASE SERVICES, LLC is a Texas limited liability corporation authorized to do business in the State of Texas and may be served with citation by serving its registered agent, Jack D. Shurden, 10260 Westheimer Rd., Suite 460, Houston, TX 77042.

Defendant BYRD OILFIELD SERVICES, LLC is a domestic limited liability company authorized to do business in the State of Texas and has been served with citation and entered an appearance herein.

V.

**FACTS**

Donald Wiesner was killed when a heavy fork carrier unit fell off of the boom of a telehandler forklift and struck him in the head on or about February 28, 2014.  At the time of the incident, Donald Wiesner was working in the course and scope of his employment for Defendant BANDERA DRILLING COMPANY, INC. He was performing his job duties in association with said employment on the oil field premises of Rig 9 located 15 miles N.E. of Big Spring, Howard County, TX. The oil field lease owner and/or operator is Defendant TALL CITY EXPLORATION LLC and/or TALL CITY OPERATIONS LLC. The on-site well consultant was Defendant EDWARDS WELL SERVICES, LLC D/B/A EWS CONSULTING. The casing crew was provided by Defendant BYRD OILFIELD SERVICES, LLC.  The forklift and related equipment were owned, maintained and/or leased by Defendants WARREN POWER & MACHINERY, INC., INDIVIDUALLY AND D/B/A WARREN CAT, PHOENIX SERVICES, LLC, PIONEER CONSULTING AND SERVICES, LLC d/b/a LIGHT HOUSE ENERGY SOLUTIONS, INC., PHOENIX CONSOLIDATED OILFIELD SERVICES, L.L.C., and/or

PHOENIX LEASE SERVICES, L.L.C.  Mr. Wiesner was survived by his wife Melora Elrod Wiesner and his daughter Melia Wiesner.  He was 31 years old at the time of his death.

## VI.
## NEGLIGENCE

Plaintiffs incorporate into this Section the factual statements contained above in Paragraph V of this petition and would show that Defendants EDWARDS WELL SERVICES, LLC D/B/A EWS CONSULTING, TALL CITY EXPLORATION LLC, and TALL CITY OPERATIONS, LLC, and BYRD OILFIELD SERVICES LLC were negligent in their failure to implement and/or follow safe practices in the oilfield and in connection with the conduct of their agents, employees, and/or vice principal(s) in instructing Bandera employees to work in an unsafe manner. Defendants WARREN POWER & MACHINERY, INC., INDIVIDUALLY AND D/B/A WARREN CAT, PHOENIX SERVICES, LLC, PIONEER CONSULTING AND SERVICES, LLC d/b/a LIGHT HOUSE ENERGY SOLUTIONS, INC., PHOENIX CONSOLIDATED OILFIELD SERVICES, L.L.C., AND PHOENIX LEASE SERVICES, LLC were negligent in their maintenance, repair, inspection, assembly, delivery and instructions for use concerning the equipment involved in the incident. Plaintiffs reserve the right to supplement or amend these allegations of negligence as evidence is discovered during the course of this litigation. All such negligence was a proximate cause of Donald Wiesner's death and the resulting injuries and damages to him and to his beneficiaries.

## GROSS NEGLIGENCE

The conduct of Defendants BANDERA DRILLING COMPANY, INC. AND EDWARDS WELL SERVICES, LLC D/B/A EWS CONSULTING when viewed objectively

9

from the standpoint of said Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Said Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Defendant BANDERA DRILLING COMPANY's gross negligence includes its failure to properly train and supervise its employees and failure to provide a safe workplace. Defendant EDWARDS WELL SERVICES, LLC D/B/A EWS CONSULTING's gross negligence includes its failure to implement and/or follow safe practices in the oilfield and the conduct of its vice principal(s) in instructing Bandera employees to work in an unsafe manner. Therefore, these Defendants' conduct amounted to more than momentary thoughtlessness, inadvertence, or error in judgment. Their conduct constituted such an entire want of care as to establish conscious indifference to Decedent's rights, welfare, or safety and the rights, welfare, or safety of other workers at the job site. Plaintiffs reserve the right to supplement or amend these allegations of gross negligence as evidence is discovered during the course of this litigation.

Plaintiffs therefore seek exemplary damages in an amount that may be found to be proper under the circumstances.

## VII.
## DAMAGES

As a direct and proximate result of the negligence and gross negligence of Defendants described above, Donald Wiesner suffered fatal injuries and died on or about March 1, 2014. Prior to his death, he suffered pain and mental anguish for which his estate seeks recovery.

During his lifetime, decedent was industrious and energetic, a good father, husband, and

provider.  He performed numerous and usual tasks in and about the family residence, and gave advice, counsel, comfort, care, and protection to his wife and family.  In all reasonable probability, he would have continued to provide for and support his wife for the remainder of her natural life and would have cared for and supported his child at least until she attained adulthood.

Further, as a direct and proximate result of the negligence and gross negligence of Defendants, decedent Donald Wiesner incurred medical expenses, and funeral and burial expenses for which his estate now seeks recovery.

### A.  Surviving Spouse

As a result of the untimely death of decedent Donald Wiesner, and the negligence and gross negligence of the Defendants, Melora Elrod Wiesner suffered pecuniary loss in the past and future from the death of her husband, Donald Wiesner, including loss of the care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that she would, in reasonable probability, have received from her husband during his lifetime had he lived.  In addition, she has suffered loss of consortium and damages to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. She has suffered mental anguish, grief, and sorrow as a result of the death of her husband, Donald Wiesner, and is likely to continue to suffer for a long time in the future.  She has also suffered a loss of inheritance as a result of the death of her husband.

For these losses, Melora Elrod Wiesner seeks actual damages in a sum within the jurisdictional limits of the Court as well as exemplary damages in an amount that may be found to be proper under the facts and circumstances.

11

### B. Surviving Child

As a result of the untimely death of decedent Donald Wiesner, and the negligence and gross negligence of the Defendants, minor child Melia Wiesner has suffered pecuniary loss in the past and future from the death of her father, Donald Wiesner, including loss of the care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that she would, in reasonable probability, have received from her father during his lifetime had he lived. She has suffered additional losses by virtue of the destruction of the parent-child relationship, including the right of love, affection, solace, comfort, companionship, society, emotional support, and happiness. She has suffered mental anguish, grief, and sorrow as a result of the death of her father, Donald Wiesner, and is likely to continue to suffer for a long time in the future. She has also suffered a loss of inheritance as a result of the death of her father.

For these losses, minor child Melia Wiesner seeks actual and exemplary damages in an amount that may be found to be proper under the facts and circumstances.

### VIII.
### JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that this case be tried before a jury.

### IX.
### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendants Phoenix Consolidated Oilfield Services, L.L.C., Phoenix Lease Services, LLC, and any other previously named and served Defendant who has not yet provided responses, are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

12

## X.
## TRCP 28

Plaintiffs hereby move pursuant to Tex.R.Civ.P. 28 that any defect in the naming of any Defendant be corrected by Defendant by informing the Court of its correct legal status and name.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for actual damages as the Jury deems just and fair as well as exemplary damages as the Jury deems just and fair, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**THE GALLAGHER LAW FIRM LLP**

*/s/ Michael T. Gallagher*

By:_____
   Michael T. Gallagher
   Texas Bar No. 07586000
   2905 Sackett Street
   Houston, TX 77098
   (713) 222-8080
   (713) 222-0066 (Fax)

13

**THE BOYD SMITH LAW FIRM PLLC**

L. Boyd Smith, Jr.
Texas Bar No. 18638400
601 Sawyer, Suite 600
Houston, TX 77007
(713) 343-8899
(713) 343-9265 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record on this the 19th day of May, 2015.

*Via E-Mail Only*
*chendrick@shaferfirm.com*
B. Calvin Hendrick
Shafer, Davis, O'Leary & Stoker, Inc.
700 North Grant, #201
Odessa, Texas 79760
    *Attorneys for Edwards Well Services, LLC*
    *d/b/a EWS Consulting*

*Via E-Mail Only*
*enixon@cdmlaw.com*
Elliott Nixon
Crenshaw, Dupree & Milam, LLP
P O Box 1499
Lubbock, Texas 79408
    *Attorneys for Bandera Drilling Company, Inc.*

*Via E-Mail Only*
*jcpennington@dgclaw.com*
Jill Pennington
Davis, Gerald & Cremer
400 W. Illinois, Suite 1400
Midland, Texas 79702
    *Attorneys for Tall City Exploration, LLC and*
    *Tall City Operations, LLC*

*Via E-Mail Only*
*rcapehart@gallowayjohnson.com*
Ron T. Capehart
Galloway, Johnson, Tompkins, Burr & Smith, P.C.
1301 McKinney, Suite 1400
Houston, TX 77010

*bhyatt@lcalawfirm.com*
Blue Hyatt
Lynch, Chappell & Alsup, PC
300 N Marienfeld, Suite 700
Midland, Texas 79701
> *Attorneys for Warren Power & Machinery, Inc.*
> *Individually and d/b/a Warren Cat*

*Via E-Mail Only*
*howard.hill@AIG.com*
Howard Hill
Cano & Associates
2777 Allen Parkway, Suite 370
Houston, Texas 77019
> *Attorneys for Byrd Oilfield Services*

*Via E-Mail Only*
*bobc@cthglawfirm.com*
Robert L. Craig, Jr.
Craig, Terrill, Hale & Grantham, L.L.P.
9816 Slide Road, Suite 201
Lubbock, Texas 79424
> *Attorneys for Phoenix Services, LLC and*
> *Pioneer Consulting and Services, LLC, d/b/a*
> *Light House Energy Solutions, Inc.*


                              */s/ L. Boyd Smith, Jr.*
                              _____
                              L. Boyd Smith, Jr.


16